| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:17-CR-193 |
| | § | |
| MANPREET SINGH | § | |

## MEMORANDUM AND ORDER

Pending before the court are Defendant Manpreet Singh's ("Singh") Petition for a Writ of Error Coram Nobis (#75) and Amended Petition for a Writ of Error Coram Nobis (#80), wherein Singh seeks to modify the amount of restitution ordered by the court. The Government filed responses in opposition (#s 77, 83). Having considered the petitions, the submissions of the parties, and the applicable law, the court is of the opinion that the petitions should be denied.

I. Background

On November 8, 2017, Singh was charged by indictment with two counts of bank fraud, in violation of 18 U.S.C. § 1344(2), for executing a scheme to obtain construction loans for various entities he controlled under false pretenses. Count One of the Indictment alleges that Singh provided misleading financial statements to obtain a loan of approximately $4,035,600.00 to construct a hotel in Royse City, Texas. Singh later defaulted on his obligations, resulting in approximate losses to Texas Leadership Bank in the amount of $1,337,322.31 and to Independent BankersBank in the amount of $778,740.00. Count Two of the Indictment alleges that Singh provided misleading financial statements to obtain a loan of approximately $6,071,200.00 from Southwest Securities, FSB, to construct a hotel in Plano, Texas. Singh later defaulted on his obligations, resulting in an approximate loss to Southwest Securities, FSB, in the amount of $1,614,885.22.

On February 28, 2018, pursuant to a non-binding plea agreement, Singh pleaded guilty to Count One. The plea agreement states:

> The defendant understands that restitution may be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).
>
> The parties further stipulate that the current unreimbursed losses caused by the defendant's criminal violations are $1,778,740.00 and that this is the appropriate amount should the Court order restitution. The Government reserves the right to seek further restitution related to the charge in Count 2 of the indictment. The defendant agrees to pay full restitution to the victims on the count of conviction and all relevant conduct. The defendant understands that the amount of restitution owed will be determined at or before sentencing. The parties understand that the Court is not bound by these stipulations.

Moreover, Singh waived the right to appeal and agreed not to contest his conviction, sentence, fine, order of restitution, or order of forfeiture in a post-conviction proceeding. Singh reserved the right to appeal punishment imposed in excess of the statutory maximum and to appeal or seek collateral review of a claim of ineffective assistance of counsel.

United States Probation and Pretrial Services ("Probation") prepared Singh's Presentence Investigation Report ("PSR"). Probation determined initially that the actual intended loss amount was $10,106,800.00 but concluded that Singh should be held accountable for a total actual loss amount of $3,430,947.53. Specifically, Texas Leadership Bank suffered a loss of approximately $1,337,322.31, less $300,000.00 paid to settle civil litigation, Independent BankersBank suffered a loss of approximately $778,740.00, and Southwest Securities, FSB, suffered a loss of approximately $1,614,885.22. Defense counsel filed Objections (#36) to the PSR, arguing that

the appropriate loss amount was $1,778,740.00. The Government filed a Sentencing Memorandum (#40) to support calculation of the loss amount for Southwest Securities, FSB. At the sentencing hearing on August 16, 2018, defense counsel withdrew all the objections, and the court sentenced Singh to 33 months of imprisonment followed by a 5-year term of supervised release. The court ordered Singh to pay restitution in the amount of $3,430,947.53 and assessed a fine of $15,000.00. Singh appealed the court's imposition of special conditions of supervised release, which were not announced at sentencing. The Government moved to dismiss the appeal based on the appellate waiver in the plea agreement, which the United States Court of Appeals for the Fifth Circuit granted on January 22, 2019.

Singh filed his initial petition for a writ of *coram nobis* on September 5, 2019, and amended the petition on December 3, 2019. According to Singh, the court may consider his claims via a writ of *coram nobis* because he cannot challenge the restitution amount in a 28 U.S.C. § 2255 proceeding and other relief is unavailable. Singh asserts that counsel was ineffective for failing to investigate the facts surrounding the loan transactions, the losses suffered, and the agreements between the banks, successor banks, and Singh and for failing to object to the amount of restitution set forth in the PSR. In response, the Government maintains that Singh, who is currently serving his term of imprisonment and has a projected release date of February 15, 2021, cannot seek a writ of *coram nobis*, which is available only to a petitioner who is no longer in custody. The Government further contends that the restitution calculations were accurate and supported by the evidence. Singh requests that the court reset his case for sentencing or, in the alternative, set an evidentiary hearing, suspend consideration of the writ until his release from imprisonment, or dismiss the petition without prejudice to refiling.

II.    Analysis

Under the Mandatory Victim's Restitution Act ("MVRA"), an order of restitution is a final judgment and can be modified only in limited circumstances. 18 U.S.C. § 3664(o); *United States v. Puentes*, 803 F.3d 597, 599 (11th Cir. 2015) (noting that § 3664(o) "provides an exhaustive list of the ways in which a mandatory restitution order can be modified"); *United States v. Wyss*, 744 F.3d 1214, 1217-19 (10th Cir. 2014); *United States v. Grant*, 715 F.3d 552, 557 (4th Cir. 2013); *United States v. Lyon*, 374 F. Supp. 3d 605, 612-13 (N.D. Tex. 2019); *United States v. Rooney*, No. 3:01-CR-231-D, 2014 WL 3865974, at *3-4 (N.D. Tex. Aug. 6, 2014). As the United States Court of Appeals for the Eleventh Circuit noted, "[r]eading the MVRA as a whole, it is clear that Congress intended to sharply limit a district court's discretion over restitution." *Puentes*, 803 F.3d at 607 (holding that § 3664(o) is the exclusive means through which a district court can modify a restitution order); *see Lyon*, 374 F. Supp. 3d at 612-13. Based on the express language of the MVRA, a court can make a downward adjustment to a restitution order only under Rule 35 of the Federal Rules of Criminal Procedure or through a direct appeal pursuant to 18 U.S.C. § 3742. *See* 18 U.S.C. § 3664(o)(1)(A), (B); *cf.* 18 U.S.C. § 3664(o)(1)(C),(D) and (2) (identifying situations allowing the imposition of a higher amount of restitution against a defendant). Neither Rule 35 nor Section 3742 is applicable here.

Rule 35 allows a sentence to be corrected based on a clerical error within fourteen days from the entry of judgment or in a situation where a defendant has provided substantial assistance to the Government. FED. R. CRIM. P. 35. Singh does not allege a clerical error, his request to modify the restitution amount was not filed within fourteen days after the entry of judgment, and the Government has not sought to reduce Singh's restitution amount based on his assistance. *See*

FED. R. CRIM. P. 35(a), (b). Section 3742 is also inapplicable because Singh did not object to the restitution calculation in the PSR at sentencing or challenge the restitution order on appeal. *See* 18 U.S.C. § 3664(o)(1)(B) (stating that an order of restitution "can subsequently be appealed and modified under section 3742"); *United States v. Arviso-Mata*, 442 F. 3d 382, 384 (5th Cir.) (discussing the differences between waiver and forfeiture and stating that "[f]orfeited errors are reviewed under the plain error standard"), *cert. denied*, 547 U.S. 1156 (2006); *see also United States v. Olano*, 507 U.S. 725, 733-34 (1993). Singh's plea agreement states that he "reserves the right to appeal any punishment imposed in excess of the statutory maximum." Therefore, Singh's appeal waiver contained in his plea agreement did not prevent him from filing an appeal because a restitution order that exceeds the MVRA constitutes a punishment in excess of the statutory maximum. *United States v. Desouza*, 630 F. App'x 339, 340 (5th Cir. 2016) (citing *United States v. Chem. & Metal Indus, Inc.*, 677 F.3d 750, 752 (5th Cir. 2012)).

Here, Singh maintains that he can seek a writ of *coram nobis* because no other relief is available. "[T]he writ of *coram nobis* is an extraordinary remedy to correct errors 'of the most fundamental character.'" *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004) (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)); *see United States v. Denedo*, 556 U.S. 904, 911 (2009). The All Writs Act authorizes the court of conviction to issue a writ of *coram nobis*. *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *Denedo*, 556 U.S. at 911; *Morgan*, 346 U.S. at 506-07. A petitioner may obtain *coram nobis* relief only when no other remedy is available and the petitioner

has "sound reasons" for failing to seek appropriate relief earlier. *Esogbue*, 357 F.3d at 535 (citing *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998)); *see Morgan*, 346 U.S. at 512.

Singh is correct that he cannot challenge the court's order of restitution through a proceeding under 28 U.S.C. § 2255. *See United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999) ("[C]omplaints concerning restitution may not be addressed in § 2255 proceedings. . . . [T]he types of claims cognizable under § 2255 were limited to 'claims relating to unlawful custody,' not those relating 'only to the imposition of a fine.'" (quoting *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994))). Nevertheless, Singh is currently serving a term of imprisonment, and it is well established that a writ of *coram nobis* is not available to a petitioner who is in custody. *Duckett v. Davis*, 800 F. App'x 289, 290 (5th Cir. 2020) (citing *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)); *Esogbue*, 357 F.3d at 534; *Hatten*, 167 F.3d at 887 n.6 (citing *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994)). Moreover, in this context, a petitioner is considered to be "in custody" when he has been released from imprisonment and is serving a term of supervised release or is on parole. *Maleng v. Cook*, 490 U.S. 488, 491 (1989); *see United States v. Scruggs*, 691 F.3d 660, 662 n.1 (5th Cir. 2012) (stating that a defendant serving his term of supervised release was "in custody"), *cert. denied*, 568 U.S. 1162 (2013). Accordingly, Singh lacks standing to challenge the court's restitution order or to assert a claim of ineffective assistance of counsel through a writ of *coram nobis*.

Even if Singh were not in custody, the Fifth Circuit has held that "[a] district court lacks jurisdiction to modify a restitution order under § 2255, a writ of coram nobis, or 'any other federal law.'" *Campbell v. United States*, 330 F. App'x 482, 483 (5th Cir. 2009) (quoting *Hatten*, 167 F.3d at 886-87 & nn.3, 6); *see United States v. Parker*, 927 F.3d 374, 381 n.9 (5th Cir. 2019)

(collecting cases rejecting collateral attacks on restitution orders). As previously discussed, disputes as to the proper amount or type of restitution should be argued before the sentencing court, and challenges to the restitution portion of a sentence should be raised on direct appeal. *See* 18 U.S.C. § 3664(e); *Campbell*, 330 F. App'x at 482-83 (citing *Hatten*, 167 F.3d at 887 n.5; *Segler*, 37 F.3d at 1135). Therefore, Singh has no avenue for relief from the court's restitution order even if the court were to set an evidentiary hearing, suspend consideration of the writ until his release from imprisonment, or dismiss the petition without prejudice to refiling.

III.  Conclusion

Consistent with the foregoing analysis, Singh's Petition for a Writ of Error Coram Nobis (#75) and Amended Petition for a Writ of Error Coram Nobis (#80) are DENIED.

SIGNED at Beaumont, Texas, this 20th day of July, 2020.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE